## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Roy Pierce, | : |
| | : Civil Action No.:  _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Educational Credit Management Corp. and | : **COMPLAINT** |
| Premiere Credit of North America, LLC. | : JURY |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Roy Pierce, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Roy Pierce ("Plaintiff"), is an adult individual residing in Spring, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Educational Credit Management Corp. ("ECMCl"), is a Minnesota business entity with an address of 1 Imation Place, Building 2, Oakdale, MN 55128, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      The Defendant, Premiere Credit of North America, LLC. ("Premiere") (together with ECMC referred to as "Defendants"), is an Indianapolis, IN business entity with an address of 2002 Wellesley Blvd.  Indianapolis, IN 46219, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**      **The Debt**

7.      The Plaintiff incurred a financial obligation in the approximate amount of $15,924.84 (the "Debt") to Illinois Student Assistance Commission (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants was employed by the Creditor to collect the Debt.

10.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**      **ECMC and Premier Engage in Harassment and Abusive Tactics**

11.      Plaintiff obtained student loans with Illinois Student Assistance Commission for approximately $15,924.84.

12.     Plaintiff's IRS tax refund checks from each year since 2004 have gone toward the payment of his student loans.

13.     ECMC then contacted Plaintiff and Plaintiff began paying $70.00 a month to ECMC on the student loans.

14.     Premiere then called Plaintiff and stated that they were representing ECMC and told Plaintiff that ECMC was not getting any payments from Plaintiff.  Plaintiff told Premiere that he had been making the $70.00 a month payments for a period of time now.  However, Premiere told Plaintiff that their records did not reflect the payments.

15.     Premiere representatives threatened to garnish Plaintiff's wages if he did not set up a payment plan.  As a result of this threat, Plaintiff set up another payment plan for $100 a month to be paid to ECMC.

16.     On June 16, 2010, ECMC sent Plaintiff a letter. (Exhibit A)  However, that letter did not provide Plaintiff with information regarding his right to dispute the debt or request verification of the debt.  Instead, Plaintiff was directed to make a payment to ECMC by July 16, 2010.

17.     The June 16, 2010, letter further states that ECMC is the original creditor when the original creditor was Illinois Student Assistance Commission.

18.     On June 17, 2010, ECMC sent Plaintiff another letter that states in relevant part:

> Your outstanding student loan obligation with Education Credit Management Corporation is $15924.84.  Please submit this amount to our office within 30 days from the date of this letter.
>
> Unless you notify us within 30 days after the receipt of this letter that the validity of the debt, or any portion of it, is disputed, we will assume the debt is valid.

19.     The above language overshadows the 30-day "right to dispute" language of the letter.

20.      Furthermore, the June 17, 2010 letter also improperly lists the original creditor as ECMC.

21.     Plaintiff confirmed with Illinois Student Assistance Commission that he had a zero balance due on his loans.

22.     Plaintiff sent ECMC an email requesting verification of the debt.  To date, Plaintiff has not received that verification.

**C.     Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

4

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

35.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.     The Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**TEX. FIN. CODE ANN. § 392, et al.**

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39.     The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

40.     The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

41.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.     The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

45.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT IV
## COMMON LAW FRAUD

46.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Texas.

48.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.   Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin.

Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 30, 2010

Respectfully submitted,
By:  __/s/ Diana P. Larson_____
Diana P. Larson, *Attorney-in-Charge*
Southern District of Texas Bar No. 24957
Texas Bar No. 24007799
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone:  (713) 221-9088
Facsimile:  (832) 415-9762
Email:  diana@thelarsonlawoffice.com

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF